UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNON DUTWAIN SEARCY,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-745-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Kennon Dutwain Searcy ("Searcy") (#43360-177). Searcy is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Searcy challenges the calculation of his sentence by the BOP.

I.  Background

Searcy was convicted of conspiracy to possess with intent to distribute cocaine, and was sentenced to 200 months of imprisonment. (Case No. 4:11-cr-0136 E.D. Tex., Doc. 50). The court noted: "The term of imprisonment imposed by this judgment shall run consecutively to sentences imposed in Cause Number F-95-01394 in Dallas County Criminal District Court #5 and Cause Number F-06-3867 in 195th Judicial District Court of Dallas County, Dallas, Texas." (Case No. 4:11-cr-0136 E.D. Tex., Doc. 44).

Searcy alleges he was in state prison when he was transferred to federal custody for his federal prosecution. Searcy complains that he did not receive all the credit to which he is entitled toward his federal sentence.

## II. Instructions to Amend

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances." See Castano v. Everhart, 235 F. App'x 206, 207 (5th Cir. 2007) (citing Fuller, 11 F.3d at 62).

Searcy does not mention whether he pursued his claim through the BOP's administrative remedies. Searcy must amend his petition to show that he completely exhausted his administrative remedies at each level of the BOP's administrative remedy process. Searcy shall provide copies of his administrative grievances and the responses received at each level. If Searcy did not exhaust, he must demonstrate the futility of administrative review.

## II. Conclusion

**IT IS ORDERED** that Searcy amend his petition within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of July, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge