UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNON D. SEARCY, Petitioner | CIVIL ACTION NO. 1:17-CV-745-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Kennon Dutwain Searcy ("Searcy") (#43360-177). Searcy is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Searcy challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Searcy was convicted of conspiracy to possess with intent to distribute cocaine, and was sentenced to 200 months of imprisonment. (Case No. 4:11-cr-0136 E.D. Tex., Doc. 50). The court noted: "The term of imprisonment imposed by this judgment shall run consecutively to sentences imposed in Cause Number F-95-01394 in Dallas County Criminal District Court #5 and Cause Number F-06-3867 in 195th Judicial

District Court of Dallas County, Dallas, Texas." (Case No. 4:11-cr-0136 E.D. Tex., Doc. 44).

Searcy alleges he was in state prison when he was transferred to federal custody for his federal prosecution. Searcy seeks credit toward his federal sentence for the time he was in federal custody.

## II. Law and Analysis

Title 18 U.S.C. § 3585 provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Searcy's sentence commenced on January 19, 2017, the date he was paroled in Texas and received in exclusive federal custody. (Doc. 8-1, p. 4). Although Searcy was in temporary federal custody pursuant to a federal writ of habeas corpus ad prosequendum from July 29, 2011, through July 11, 2012, the writ did not deprive the state authorities of primary jurisdiction. (Doc. 8-1, p. 4). A writ of habeas corpus ad prosequendum permits one sovereign to temporarily "borrow" a person in the custody of another sovereign for the purpose of prosecution. The writ is only a "loan"

of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (citing United States v. Kipp, 232 F.2d 147 (7th Cir. 1956)).

The time for which Searcy was in "borrowed" federal custody was credited toward his state sentence. (Doc. 8-1, p. 4). Under § 3585(b), this time cannot also be credited toward his federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972) (prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the prisoner received credit for such time on his state sentence).

Moreover, the sentencing court specifically ordered Searcy's federal sentence to run consecutive to the state sentences. (Case No. 4:11-cr-0136 E.D. Tex., Doc. 44). Thus, it is evident that Searcy received all the credit to which he is entitled.

III. Conclusion

For the foregoing reasons, it is IT IS RECOMMENDED that Searcy's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

3

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_21st\_\_\_ day of September, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge